IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02332-MSK-MEH

NASIR ABAGIBE,
ABDUL ADAM,
ABUKAR ADEN,
ALI ALI,
NUUR ALI,
KETEMA ALIGAZIE,
MUKTAR BUNI,
ABDI DHUUBOW,
NASIR FARAH,
MUUSE JAAMAC,
RIZGALLA KHAMIS,
ADEN NOOR,
ABDUL NUR,
AHMED ODAWAAY,
SAID OMAR,
MOHAMED A. OSMAN,
MOHAMED M. OSMAN, and
MOCKTAR SAID,

    Plaintiffs/Petitioners,

v.

YELLOW CAB CO., d/b/a Colorado Cab Company,

    Defendant.

KRISTIE GARCIA,

    Respondent.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiffs' Motion to Hold Witness in Contempt for Failing to Appear to Testify in Arbitration Proceedings [docket #8]. Essentially, Plaintiffs allege that a witness, Kristie Garcia, failed to comply with a properly served subpoena to appear to testify at an arbitration on

September 12, 2011. Plaintiffs seek an order finding Ms. Garcia in contempt of court.

Pursuant to 28 U.S.C. § 636(e)(6)(B), the motion has been referred to this Court to hold an evidentiary hearing by which to determine whether to certify facts concerning the alleged contempt to the District Court. This Court attempted to hold such evidentiary hearing on October 21, 2011 and October 25, 2011; however, a question was raised as to whether the requested remedy for the alleged contempt is criminal in nature. At the first proceeding, counsel for Yellow Cab suggested that because Plaintiffs' requested remedy in this matter was vague, it could arguably be criminal in nature; therefore, this Court made a determination that Ms. Garcia was qualified for the appointment of the Federal Public Defender to represent her in this action, and continued the hearing to October 25, 2011. *See* docket #22.

At the second proceeding on October 25, 2011, appointed counsel for Ms. Garcia argued that the requested relief in this matter is, indeed, criminal in nature and he objected to proceeding with the hearing without constitutional protections afforded to Ms. Garcia. *See* docket #28. Thus, because all parties agreed that Plaintiffs' request for a finding of contempt was unclear on this issue, Plaintiffs stated their intention to file an Amended Complaint. This Court set deadlines for filing the amended pleading, as well as briefs on the issues of (1) whether the Court had jurisdiction to hear the particular matter and (2) whether the sanction requested in the Amended Complaint for Ms. Garcia's alleged contempt is either civil or criminal in nature. *Id.* The Court also continued the hearing to November 18, 2011. *Id.*

The parties timely filed the amended pleading and briefs, and the continued hearing commenced on November 18, 2011. As she did in her brief, Ms. Garcia (through counsel) once again expressed to the Court her position that the requested sanction is actually criminal in nature and, as such, she would likely invoke the Fifth Amendment in response to questions posed to her during testimony. The Court expressed its view that the requested sanction is merely compensatory

and, thus, civil in nature. Plaintiffs then proceeded with testimony from their first witness, Diane King. After cross examination and rebuttal of Ms. King, Plaintiffs called their second witness, Ms. Garcia. After two questions for which Ms. Garcia responded by invoking the Fifth Amendment, the Court concluded that a determination must be made as to whether the requested sanction in this case is criminal or civil in nature. Because 28 U.S.C. § 636(e) does not provide this Court with the authority to make such a dispositive determination, the Court respectfully recommends that the District Court find the requested sanction to be "civil" in this matter.[1]

Here, the prevailing case law supports a finding that the sanction requested in Plaintiffs' Amended Complaint is civil in nature.

> [W]hether a contempt is civil or criminal turns on the character and purpose of the sanction involved. Thus, a contempt sanction is considered civil if it is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court.

*Lucre Mgmt. Group, LLC v. Schempp Real Estate, LLC,* 365 F.3d 874, 875 (10th Cir. 2004) (quoting *International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 827-28 (1994)). In *Lucre*, the Court held that the contempt sanction imposed by the district court was both remedial (compensatory in that it paid back the receiver rents in the amount of $545.82) and coercive ($1000 sanction if did not comply with order by future date). *Id.* at 876; *see also Law v. NCAA*, 134 F.3d

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

1025, 1029 (10th Cir. 1998) ("[a] fine is a civil sanction only if it is compensatory or coercive."); *In re Maurice*, 73 F.3d 124, 127-28 (7th Cir. 1995) (holding that a contempt sanction "is civil in nature, if the payment is designed to compensate for harm done").

"A contempt fine accordingly is considered civil and remedial if it <u>either</u> coerces the defendant into compliance with the court's order, <u>or</u> compensates the complainant for losses sustained." *Bagwell,* 512 U.S. at 829 (emphasis added). "Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge." *Id.*

Thus, in civil (coercive) contempt, "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus carries the keys of his prison in his own pocket." *Lucre*, 365 F.3d at 876 (quoting *Bagwell*, 512 U.S. at 828) (the purpose of the penalty is to provide future compliance, and it is, therefore "avoidable through obedience."). On the other hand, "a completed act of disobedience that the contemnor cannot avoid" is criminal in nature. *Id.* (internal quotations and citations omitted)

With respect to civil (compensatory) contempt, "[w]here sanctions sought in contempt proceedings are solely to be used to compensate injured consumers, the proceedings are civil in nature." *Federal Trade Comm'n v. Kuykendall*, 371 F.3d 745, 752 (10th Cir. 2004) (noting that the Court in *Bagwell* necessarily extended its analysis to whether defendants had an opportunity to purge the alleged contempt because the case involved fines that were *not compensatory*.)

Thus, this Court is persuaded by Tenth Circuit law that contempt sanctions may be considered exclusively "civil" if they are either compensatory or coercive. The Second Circuit has described civil contempt sanctions as follows:

> Civil contempt fines seek one of two objectives. One is coercion - to force the contemnor to conform his conduct to the court's order. The second is compensation. Where the contumacious conduct has caused injury to the beneficiary of the court's order, a civil fine may be imposed on the contemnor to compensate the victim for the

4

loss or harm caused by the unlawful conduct.

*New York State Nat'l Org. for Women v. Terry*, 159 F.3d 86, 93 (2d Cir. 1998).

In this case, Plaintiffs allege they "spent considerable time and expense preparing Garcia to testify and in later subpoenaing her to testify, which has resulted in additional litigation, namely, these civil contempt proceedings." Amended Complaint, docket #33 at 4. Plaintiffs seek "reimburse[ment] for the fees and costs in attempting to have Ms. Garcia testify at the arbitration, and in pursuing this civil contempt action and for such other relief as this Court may deem appropriate." *Id.*

Garcia argues "the remedies the plaintiffs seek are not designed to compel compliance, and are punitive, which makes this proceeding criminal rather than civil." Response, docket #34 at 6. Garcia cites *Law v. NCAA, supra* for the proposition that "even when a court imposes fines to compensate for contempt, the contempt can still be criminal." *Id.* at 7. However, in *Law*, the sanction was actually a "fine" imposed by the district court for failing to comply with a court order to pay attorney's fees to the prevailing party by a certain date. *Law v. NCAA*, 134 F.3d at 1029. The fine was assessed as $5,000.00 per day and imposed retroactively. *Id.* The Tenth Circuit found such fine to be "noncompensatory," presumably because it was not meant to reimburse or compensate the plaintiffs, even though they were the recipients of the fine. *Id.* The court also found that the fine was not coercive, since, as retroactive, it did not afford defendants the opportunity to purge. Thus, the fine was found to be criminal in nature. *Id.* (at the same time, the court found the prospective imposition of an additional $10,000/day fine to be coercive).

*Law* is distinguishable from this case. The Plaintiffs neither seek nor does this Court intend to impose any "fine" on Garcia. Rather, the only remedy sought is reimbursement for actual losses as a result of Garcia's alleged failure to comply with a subpoena to appear.

Next, Garcia argues that the requested sanctions are criminal in nature because, since the arbitration is closed and her testimony has been stricken, she is unable to "purge" her alleged contempt. As set forth above, however, civil sanctions can take on two forms: to conform conduct to the court's order (and, thus, purge the contempt) and to compensate for losses as a result of the contempt. In this case, the Court finds that the requested sanction is solely compensatory, not coercive, so there is no need to analyze whether such sanction would permit Garcia to purge the alleged contempt.

Finally, Garcia argues case law in this circuit reflects that compensatory contempt sanctions are imposed only against "adversaries" or other parties to the litigation, as opposed to third parties like herself. However, a rule allowing compensatory sanctions to be imposed only against parties to litigation would be in complete contravention of Fed. R. Civ. P. 45(e), which provides courts the authority to hold a person in contempt who "fails without adequate excuse to obey the subpoena." In fact, in *Cook v. Rockwell Int'l Corp.*, 907 F. Supp. 1460 (D. Colo. 1995), Judge Kane found a third party, the Department of Energy, to be in contempt for failing to comply with a subpoena pursuant to Fed. R. Civ. P. 45, and awarded compensatory sanctions including reimbursement of the plaintiffs' attorney's fees and costs for their efforts to secure the production of the documents sought through the subpoena. *Id.* at 1468. Garcia has provided, and the Court has found, no legal authority restricting the imposition of compensatory sanctions solely to litigating parties.

Garcia also argues that she is indigent and the single mother of two children; however, such argument, in itself, is not relevant to the question whether Plaintiffs' requested sanctions in this case are civil or criminal in nature. Garcia contends, however, that if she fails to comply as a result of her situation, she may be subject to additional sanctions, including jail. The Court finds that Garcia's argument is speculative and premature at this stage of the proceeding, and might be made if and when such situation arises.

Therefore, based upon the allegations and the relief requested in the Amended Complaint in this matter, this Court recommends that the District Court determine this matter to constitute a request for compensatory civil contempt sanctions. Upon such a determination, this Court would engage in further fact finding and submit a recommendation on whether Garcia should be held in civil contempt.

Respectfully submitted this 18th day of November, 2011, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge